UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ROBERT BOSCH GMBH and
ROBERT BOSCH LLC,

      Plaintiffs,

vs.

NORTH SHORE IMPORTS, L.L.C.,

      Defendant.

Case No. 8:16-cv-00942-T-24-MAP

**JOINT STIPULATED PERMANENT INJUNCTION AND FINAL JUDGMENT ON CONSENT AGAINST DEFENDANT NORTH SHORE IMPORTS, L.L.C.**

Plaintiffs Robert Bosch GmbH and Robert Bosch LLC (hereinafter "Plaintiffs") filed their Complaint on April 19, 2016, against Defendant North Shore Imports, L.L.C. (hereinafter "Defendant") for counterfeiting, trademark infringement, and unfair competition in violation of the Lanham Act, and for deceptive and unfair business practices and unfair competition in violation of Florida law. Plaintiffs' Complaint was based on allegations that Defendant offered for sale and sold counterfeit BOSCH canister purge valves.

**THE COURT FINDS AS FOLLOWS:**

1. This Court has jurisdiction of the subject matter of this action and over the parties hereto, and venue is proper.

2. Plaintiff Robert Bosch GmbH is the owner of the incontestable BOSCH and ⓗ trademarks described in the Complaint (collectively, the "BOSCH Marks"), which are valid and enforceable in law. For many years, and long before Defendant's acts subject to the Complaint, Robert Bosch GmbH and its licensees have used the BOSCH Marks in the United

States in connection with the sales of automotive parts, including canister purge valves. Robert Bosch GmbH is the sole proprietor of all right, title, and interest in and to said BOSCH Marks.

3. Plaintiff Robert Bosch LLC has used the BOSCH Marks for many years, has sold billions of dollars worth of goods and services in the United States under the BOSCH Marks, and has spent substantial sums marketing and promoting goods and services under the BOSCH Marks.

4. The BOSCH Marks have become well-known and famous in the United States, and the BOSCH Marks represent extremely valuable goodwill for Plaintiffs.

5. Between approximately January 1, 2014 and October 1, 2015, Defendant purchased from SIC Auto Parts, LLC, a total of 1,200 canister purge valves that were identified as Bosch Part No. 0 280 142 308, and which canister purge valves bore the BOSCH Marks.

6. Of the 1,200 canister purge valves purchased from SIC Auto Parts, LLC, Defendant resold 1,035 to various customers of Defendant.

7. In or about February of 2016, Defendant returned the 165 remaining canister purge valves to SIC Auto Parts, LLC and received a refund for the same.

8. In the Complaint, Plaintiff has alleged that the subject canister purge valves as described above were not genuine BOSCH parts and, in order to settle this matter, Defendant has agreed not to contest such allegation, although Defendant, for its part, alleges that at no time did it knowingly, intentionally, or willfully sell or place into commerce any canister purge valves that Defendant knew were not genuine BOSCH parts.

NOW THEREFORE:

Based upon the joint stipulation and consent of the parties, judgment is hereby entered in favor of Plaintiffs and against Defendant as follows:

I. **Permanent Injunctive Relief**

Defendant and all other persons, firms, or corporations in active concert or participation with Defendant and all persons now or hereafter acting on behalf of Defendant who receive notice hereof, including but not limited to all subsidiaries, affiliates, related businesses, distributors, and licensees of Defendant, are enjoined and restrained permanently from:

A. Using the BOSCH Marks, or any marks similar thereto, or any reproduction, counterfeit, copy, or colorable imitation of the BOSCH Marks, in connection with the promotion, marketing, advertising, offering for sale, or sale of non-BOSCH goods or services, *i.e.*, goods or services that are not produced by Plaintiffs, or which do not originate from Plaintiffs.

B. Promoting, marketing, advertising, offering for sale, or selling any counterfeit BOSCH products.

C. Applying the BOSCH Marks, or any reproduction, counterfeit, copy or colorable imitation of the BOSCH Marks, to any advertisement, website, point of purchase materials, catalog, brochure, sign, print, press release, or other material used in connection with the sale and/or offering for sale of any non-genuine BOSCH products.

D. Using any trademark, trade name, logo, indicia or design that tends to falsely represent that, or that is likely to confuse, mislead, or deceive consumers to believe that any non-genuine BOSCH products originate from Plaintiffs, or that

said goods have been sponsored, approved, or licensed by, or are in some way connected or affiliated with Plaintiffs.

E.  Engaging in any conduct that tends falsely to represent that, or is likely to confuse, mislead, or deceive consumers, to believe that Defendant and any non-genuine BOSCH products are sponsored, approved, or licensed by Plaintiffs, or are in some way connected or affiliated with Plaintiffs.

F.  Affixing, applying, annexing, or using in connection with the promotion, advertising, sale, and/or offering for sale of any non-genuine BOSCH products a false description or representation or misleading statement of fact that misrepresents the nature, qualities, characteristics, standard, grade, style, or model of such goods, including but not limited to, by falsely representing that such products are genuine BOSCH products.

G.  For a period of five years from the date of this Joint Stipulated Permanent Injunction and Final Judgment on Consent, destroying or otherwise disposing of any sales records, ledgers, invoices, purchase orders, advertising agency contracts or placement orders, inventory control documents, recordings of any type whatsoever, and all other business records and documents believed to concern the promotion, marketing, advertising, offering for sale, or sale of any canister purge valve referenced above in Paragraph 5 of the findings of fact.

H.  Deliver to Plaintiffs for destruction within 30 days of this Joint Stipulated Permanent Injunction and Final Judgment on Consent all canister purge valves referenced above in Paragraph 5 of the findings of fact that are in Defendant's possession.

## II. <u>Damages</u>

Defendant shall pay to Plaintiffs the amount set forth in the parties' settlement agreement dated August 31, 2016, within thirty (30) days of the entry of this Joint Stipulated Permanent Injunction and Final Judgment on Consent.

## III. <u>Retention of Jurisdiction</u>

The Court retains jurisdiction over this matter for thirty days the purpose of enforcing the terms of this Joint Stipulated Permanent Injunction and Final Judgment on Consent.

**DONE AND ORDERED** at Tampa, Florida, this 21st day of October, 2016.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:

All Parties and Counsel of Record